■ In the Matter of Rose Pines et al., Appellants, v. Joel Zebrowitz et al., Respondents.— Order of the Supreme Court, Kings County, dated June 26, 1968, affirmed, without costs. On the record before us, it cannot be said that the denial of plaintiffs' motion was an abuse of discretion. Beldock, P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.

■ In the Matter of William F. Polsen, Respondent, v. Vincent J. Anderson, Appellant. — Appeal by a member of the Police Department of the City of Yonkers, pursuant to section 138 of the Second Class Cities Law, as amended by Local Laws, 1929, No. 1, of said city, from a determination of the Commissioner of Public Safety of said city and an order thereon, dated June 27, 1968, finding appellant guilty of certain charges, fining him one week's pay, and directing that an official reprimand be attached to his personal file. Determination and order annulled, on the law, with costs, charges dismissed, fine remitted and reprimand expunged from appellant's record. In our opinion, the charges against appellant were not established by substantial evidence (cf. Matter of Kelly v. Murphy, 20 N Y 2d 205). Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.

■ In the Matter of the Estate of George J. Rudnick, Deceased. Rose Rudnick et al., Appellants; Edythe Rudnick, as Administratrix of the Estate of George J. Rudnick, Deceased, Respondent. — In a proceeding by the administratrix (the decedent's widow) for judicial settlement of her account, in which claims against three siblings of the decedent were made, the latter appeal from two orders of the Surrogate's Court, Kings County, dated October 1, 1968 and October 23, 1968, respectively, the first referring the issues to a Referee for hearing and report and the second denying appellants' motion to dismiss the claims pursuant to CPLR 3211 (subd. [a], pars. 5, 7) and 3212. Appeal from order of October 1, 1968 dismissed. An order of reference to hear and report is not appealable. Order dated October 23, 1968 reversed, on the law; appellants' motion granted; and the administratrix' claims, set forth in items 5, 7 and 8 of Schedule J of her account, dismissed. Appellants are allowed one bill of $30 costs and disbursements jointly, payable out of the estate, to cover the appeals from both orders. The claims against appellants involve a loan, the proceeds from the sale of real property, and the withdrawal of money from a bank account. We disagree with the Surrogate that there are issues to be tried with respect to these three claims. The documentary proof supplied by appellants demonstrates the lack of merit to the claims. Further, the claims are stale and barred by the Statute of Limitations. In response to the strong proofs proffered by appellants, the administratrix offered no documentary proofs, no direct averments and no probative facts; instead she offered conclusory, vague, conjectural and indirect allegations that do not raise any questions of fact to be tried. The claims should have been dismissed summarily. Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.